No. 52.—HARMON HOWARD, and JOHN POWERS security on appeal, plaintiffs in error, *vs.* THE CENTRAL BANK OF GEORGIA, defendant in error.

[1.] The indorsee of a negotiable promissory note, drawn in this State, payable in New York, and returned protested for non-payment, is entitled to charge five per cent. damages against the indorser, as provided by the Act of 1823, in cases of protested bills of exchange.

Assumpsit.  Tried before Judge FLOYD.  In Bibb Superior Court.  May Term, 1847.

Defence, Usury.

The Central Bank of Georgia obtained a judgment in Bibb Superior Court against the plaintiff in error, as one of the indorsers of a note for $2,000, made by Story & Pratt, and payable at the Merchants' Bank, New York; and which was transferred by the indorsements to the Central Bank. This note, when it fell due, was presented at the Merchants' Bank, in New York, for payment, which was refused. The judgment rendered upon it was for the principal, interest and costs; as to damages, the record was silent.

After this judgment, the plaintiff in error and the Central Bank came to a settlement, by which the judgment was taken up, and the note, the subject of the present action of assumpsit, was given in its stead for the sum of $2412. In this settlement, the Central Bank charged the plaintiff in error $100, being 5 per cent. damages upon the principal of the former note, on account of the non-payment when presented for payment at the Merchants' Bank, New York; and it was included in the note of $2412 aforesaid.

To this action the plaintiff in error, Howard, plead usury.

Upon the trial on the appeal, it was proved by the testimony of the cashier of the Central Bank, that the $2412 was the aggregate of the principal and interest, protest fee, and the $100 damages or premium, less the amount paid in cash, out of which the discount of the new note was received.

There was other testimony in the case, but not having relation to the contested point as to the $100 damages, it is omitted.

The Court below charged the jury, the plea of usury being filed, that the bank had a right to charge the $100 damages for

the non-payment of the note in New York, in the same manner as if the same had been a bill of exchange ; and that the bank, not having recovered it in the first action, was no bar to the legal right ;, and having the legal right to charge it, the including it in the note given was not usury.

To which decision and charge, the counsel for Howard excepted.

C. J. McDonald, for the plaintiff in error.

The judge charged, that the Central Bank had the right to charge the $100 damages, for the non-payment of the note in New York, in the same manner as if it had been a bill of exchange ; and, that the bank not having recovered it in the first action, was no bar to its legal right ; and that, having the legal right to charge it, the including it in the note given was not usury.

The note is usurious, because it is given for more than the statutable interest.

To constitute usury, there must either be an existing debt, or a direct loan, and an agreement to pay more than legal interest for the forbearance of the debt or loan, or some device contrived for the purpose of evading or concealing the appearance of a loan and forbearance, when in truth it was such. *Chitty on Contracts* 701. In this case there was an existing debt, and an agreement to pay more than legal interest for the forbearance of the debt. The contract is then, usurious, unless the party had the legal right to demand the payment of the excess over the legal interest, under the circumstances of the case. The note on which the judgment was rendered, was payable in New York ; the maker made default, and the note was returned under protest. It is contended, that the holder had a right to demand five per cent. damages, and so the Court charged. Our statute applies to bills of exchange only. *Prince* 454, 462. The practice of re-exchange has never been adopted in the United States ; our laws and usages form an exception to the European Commercial Law. *Chitty on Bills,* 666, *b. note.*

In an action on a promissory note, no allowance is made on account of difference in exchange. 20 *Johns. R.* 102. The Central Bank, then, had no legal right to demand the payment of the premium, which was precisely 5 per centum on the amount of the

note; and, having no such right, including it was usury. It was an agreement to pay more than legal interest for a debt.

If the agreement be clearly usurious, though the parties did not intend it to be so, and were ignorant that such was the legal effect of their contract, it is void. *Chitty on Contracts*, 703.

The mere giving and receiving, *designedly*, more than the legal rate of interest, is usury, although there be no corrupt agreement other than that which is manifested by one party's allowing, and the other receiving the unlawful interest. 8 *Cowen R*. 696. If it were not so, the usury laws would be useless. Parties would never begin a contract by mutually announcing an intention to violate or evade the law. The only questions are—

Has more than the legal rate of interest been in any manner demanded or reserved for the loan of money or forbearance of the debt ?

Was the amount which constitutes this excess, intentionally asked on one side and allowed on the other ?

These questions, affirmatively answered, make a case of usury.

A promissory note cannot be treated as a bill of exchange so as to entitle the holder to recover damages for non-payment; if it could, a protest would be necessary. A protest is not necessary. 2 *Howard Sup. Ct. R*.

The indorsement of a promissory note gives it the resemblance of a bill of exchange; for then it is an order by the indorser upon the payer of the note, the indorser becomes, as it were, the drawer, the maker of the note the acceptor, and the indorsee, the payee. *Chitty on Bills*. 553; *Heylin* vs. *Adamson*, 2 *Burrow R*. 676.

The acceptor is not liable for the extra charges on the re-exchange. 3 *Kent Com*. 116.

Lord Mansfield, in making the above remarks, only alluded to the law of demand and notice before the indorser could be charged, and not to the liability of the indorser to *damages*, on a failure to pay by the maker. Our statute only applies to cases of bills of exchange drawn or negotiated within this State, upon any person or persons of or in any State, Territory, or District of the United States. It does not apply to bills drawn by one citizen of this State on another citizen of this State, though payable out of the State. *Chitty on Bills*, 13.

Poe & Nisbet, for the defendant in error.

The question arising out of this case, is, did the act of the Central Bank, in including the 5 per cent. in the new note, amount to usury ?

To this position, we reply, that it did not amount to usury.

When a bill indorsed over, is not duly paid, the indorsee may charge the indorser with interest, exchange, and other incidental expenses, beyond the amount of legal interest. 15 *Vesey* 120; *Aurial* vs. *Thomas*, 2 *T. R.* 52 ; *Madd. Ch. R.* 112 ; 11 *East.* 43 ; 3 *Camp.* 488; *Blyden. on Usury*, 58.

*By the Court.*—Warner, J., delivering the opinion.

It appears from the record in this case, that Story & Pratt drew their promissory note for $2,000, payable at the Merchants' Bank, in New York, and which was transferred by indorsement, to the Central Bank of Georgia ; that the note was duly presented when due, at the Merchants' Bank, in New York, for payment, which was refused. It also appears, that Harmon Howard, the plaintiff in error, was one of the indorsers on that note, and that suit was instituted against him thereon by the Central Bank, and judgment obtained against him for the principal and interest due; that he then applied to the bank for a settlement, and on such settlement executed to the bank another note, for the sum of $2,412. Suit having been instituted against him on this last note, he filed the plea of usury, and on the trial of the cause it appears that the Court below charged the jury, that the bank had the right to charge the one hundred dollars damages, included in the note, for the non-payment of the note in New York, in the same manner as if the same had been a bill of exchange, and the including it in the note given on the settlement, was not usury.

To this charge of the Court, the plaintiff in error excepted, and insists that the bank had no right to charge or demand damages for the non-payment of a note payable in another State; and that, including the one hundred dollars for damages in the note, does constitute usury.

[1.] The cashier of the Central Bank proves, that one hundred dollars was included in the note for premium, or damages, and the question presented for our consideration is, whether the bank had

the legal right to charge damages on the note drawn by Story &
Pratt, in this State, and indorsed by the plaintiff in error, payable
at the Merchants' Bank in New York, and there protested for non-
payment. The act of 19th December, 1823, declares: "When-
ever any bill of exchange hereafter to be drawn or negotiated
within this State, upon any person or persons of or in any State,
Territory or District of the United States, shall be returned unpaid,
and shall have been duly protested for non-payment in the manner
usual in case of foreign bills of exchange, the person or persons
to whom the same shall or may be payable, shall be entitled to
recover and receive of and from the drawer or drawers, or the
indorser or indorsers of such bill of exchange, five per cent.
damages, over and above the principal sum for which said bill
of exchange shall have been drawn, together with lawful interest
on the aggregate amount of such principal sum, from the time
at which notice of such protest shall have been given, and the
payment of the said principal sum and damages shall have been
demanded." *Prince Dig.* 454. By the law merchant, as it
existed before the enactment of the statute of 1823, the holder
of the bill would have been entitled to recover the face of
the bill, with interest from the time the bill ought to have been
paid, charges of protest, and the amount of the *current rate of
exchange*, between the place where the bill was drawn, and
the place where it was to have been paid. The five per cent.
damages, fixed by the statute, is supposed to cover the *rate of
exchange*. The Central Bank wanted funds in the city of New
York, and purchased the note in question, payable there; and it
was returned protested for non-payment. If it had been a bill of
exchange, instead of a promissory note, it is admitted that the
holder would have been entitled to charge the indorsor, under the
statute, the five per cent. damages, which would have made the
one hundred dollars included in the note alleged to be usurious.
What is the difference in principle, so far as the rights of the
defendants in error are concerned, between a purchase of a bill
of exchange payable in New York, for two thousand dollars, and
a purchase of an indorsed promissory note, drawn by Story & Pratt,
payable there, for the same amount? The presumption is, that the
bank needed that amount of funds in the city of New York, and had
a right to expect that it would be paid there, which not having
been done, either by the makers or the indorsers of the paper, the
same was returned protested, and the bank was *damaged*, just to

the same extent as contemplated by the statute in case a bill of exchange had been so returned protested for non-payment.

But the argument for the plaintiff in error is, that the statute only mentions *bills of exchange*, and does not mention *promissory notes;* that is true, but if we can show that promissory notes stand upon the *same footing* with bills of exchange, after indorsement, and come within the *reason* and *spirit* of the statute, then, it ought to be held to apply as well to *promissory notes* as *bills of exchange.*

In *Heylin* vs. *Adamson*, Lord Mansfield said—" While a promissory note continues in its *original* shape of a promise from one man to pay another, it bears *no* similitude to a bill of exchange. *When* it is *indorsed*, the *resemblance begins;* for then it is an *order* by the indorser *upon the maker* of the note, (*his debtor* by the note,) *to pay to the indorsee.* This is the very definition of a bill of exchange. The indorser is the drawer; the maker of the note is the acceptor, and the indorsee is the person to whom it is made payable. 2 *Bur. R.* 676.

In *Brown* vs. *Harraden,* it was held, that since the statute of Anne bills of exchange and promissory notes are placed on the *same footing.* In that case, Mr. Justice Buller says—" It appears, from the cases cited, that Lord Holt and the merchants were perpetually disputing whether or not promissory notes should be put on the same footing with bills of exchange. The merchants did not contend that they might recover on notes in *particular cases* only, but that notes should be *universally* considered in the same light as bills of exchange. Upon that ground they applied to the legislature for relief; and their conduct is very strong to show what construction the statute of Anne ought to receive. The language of the preamble is express, that it was the object of the legislature to put promissory notes *exactly on the same footing with inland bills of exchange,* and the enacting part pursues that intention. Therefore, though it has been now attempted to make a distinction between bills of exchange and promissory notes, and to show that the former only are beneficial to trade and commerce, yet, that argument is not now open, for the legislature have said directly the reverse, and that it is for the benefit of commerce that they should be placed *on the same footing.*" 4 *T. R.* 154.

In *Carlos* vs. *Fancourt,* Lord Kenyon said—" It was the object of the statute of Anne to put promissory notes on the same footing with bills of exchange, *in every respect.*" 5 *T. R.* 485.

Mr. Chitty says—" The statute of Anne places promissory notes

on the same footing as bills of exchange; and consequently the decisions and rules relating to the one, are in general, applicable to the other." *Chitty on Bills*, 328.

Chancellor Kent says—"Promissory notes are governed by the rules that apply to bills. The effect of the statute of Anne is, to *make notes, when negotiated, assume the shape and operation of bills,* and to render the analogy between them so strong, that the rules established with respect to the one, apply to the other." 3 *Kent Com.* 72.

It is admitted that if a bill of exchange had been drawn in this State by Story & Pratt on persons living in the State of New York, it would be considered as a foreign bill of exchange; but the statutes of 8th and 9th William III, and 3d and 4th Anne, placed foreign and inland bills on the same footing, and subjected inland bills to the same law and custom of merchants which governed foreign bills. *Buckner* vs. *Finley & Van Lear*, 2 *Peters R.* 586. Notwithstanding promissory notes are not mentioned in the statute of 1823, yet, we are of the opinion, that when negotiable and *indorsed*, they come within the reason and spirit of it, and that the defendant in error was entitled to charge the five per cent. damages, which was included in the note on settlement, and that the same was not usurious.

Let the judgment of the Court below be affirmed.